JOHN G. ROREBECK, Appellee, v. JAMES VAN EATON.

Principal and Agent: FRAUD ON PRINCIPAL. Where an agent buys property for his principal, represents to him that he paid one thousand, five hundred dollars for it when, in fact, he paid but one thousand, one hundred dollars, and invests the four hundred dollars, or part of it, in certain lots, the principal is entitled to judgment for four hundred dollars and to have the judgment made a lien upon said lots.

*Appeal from Fremont District Court.*—Hon. Walter I. Smith, Judge.

Tuesday, January 30, 1894.

*Affirmed.*

*W. E. Mitchell* for appellant.

*Anderson & Anderson* for appellee.

Kinne, J.—The only question in this case is one of fact,—as to whether or not defendant was the agent of the plaintiff in the transactions hereinafter set forth. It is conceded by counsel that, if the defendant was acting as agent, the judgment below was right. It seems that in February, 1891, plaintiff employed the defendant to negotiate for him with the owners for the purchase of a tract of land lying in the city of Hamburg, Iowa. The defendant represented to plaintiff that he had written the owners of the land, and that one thousand, five hundred dollars was the least they would take for the land. Relying upon these representations, plaintiff gave the defendant one hundred dollars with which to make part payment and to bind the bargain, and ordered him to make the purchase. Afterward the defendant reported to plaintiff that he had bought the land for him for the one thousand, five hundred dollars, and that by mistake the land had been deeded to defendant. The plaintiff paid one thousand dollars cash on the land, and executed his note four hundred dollars to the defendant, and secured it on the land, defendant representing that he would take the four hundred dollar note and mortgage, and advance the money himself to the owners of the land. The defendant deeded the land to the plaintiff. It appears that the defendant's representations were false; that the owners of the land only asked one thousand

one hundred dollars for it; that the defendant in fact, while all the time representing to the plaintiff that he was acting for him, bought the land in his own name. Defendant sold the four hundred dollar note and mortgage, and invested the proceeds in other real estate. While the defendant denies all fraud and false representations, and claims that he was acting only for himself, we think the evidence very clearly shows that he undertook to act as plaintiff's agent, and so led plaintiff to believe. There is no question but that the relation of principal and agent existed between the parties. Such being the fact, it needs no citation of authorities to show that the defendant practiced a fraud upon the plaintiff, whereby he was induced to pay four hundred dollars more for the land than was asked for it by the owners. The defendant knowing that the plaintiff was relying upon him to purchase the land for him as his agent, proceeded to buy it himself for the one thousand, one hundred dollars, and sell it to plaintiff for one thousand, five hundred dollars. The plaintiff had a right to rely upon his agent's representations, and did not know of their falsity until long after the transaction had been completed. This action is to recover the four hundred dollars, being the amount paid by plaintiff in excess of the sum asked by the owners of the land. The court below found for plaintiff, and made the judgment a lien upon certain lots purchased by defendant. The decree was right. It is true, the evidence might be stronger as to the investment of the money which defendant received for the four hundred dollar note and and mortgage, but it sufficiently appears that a part of it, at least, was used in the purchase of the lots upon which the judgment of this case was made a lien. The judgment below is AFFIRMED.